UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
*Tampa Division*

IN RE:                                                                Chapter 11

THOMAS JOHN MAY,                                      Case No: 8:10-bk-27691-MGW

　　　　Debtor(s).
_____/

### VERIFIED MOTION FOR ORDER TO SHOW CAUSE
(BAC Home Loan Servicing, LP - 4516 S. Clark Avenue, Tampa, Florida 33611)

**COMES NOW THOMAS JOHN MAY** (the "Debtor"), by and through his undersigned attorney, hereby files this his Motion For Order to Show Cause as to why BAC Home Loan Servicing, LP should not be sanctioned for the *Amended Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization* and states as follows:

### HISTORY

1.　　On or about November 17, 2010, the Debtor filed for protection under Chapter 11 of the Bankruptcy Code (the "Petition Date"). As part of Schedule "D" of the Debtor's Voluntary Petition, the Debtor listed a debt owed to BAC Home Loan Servicing, LP (henceforth "BAC") for a loan on real property located 4516 S. Clark Avenue, Tampa, Florida 33611 (henceforth the "Subject Property"), Account No.: xxxx-xxxx-xxxx-6486, (henceforth the "Loan").

2.　　On or about August 10, 2011, the Court entered an *Amended Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization* (**Docket #123**).

3.　　Pursuant to the *Order*, the secured claim of BAC on the Subject Property, $100,068.65, was amortized at 5.25% interest per annum over twenty-five (25) years, with a monthly payment of $599.66. Payments on the claim were to commence September 9, 2011, thirty (30) days from the date the *Order* was entered.

4.　　BAC has failed to modify the Debtor's payment to reflect the Court's *Order*.

5.　　On or about November 23, 2011, the Debtor sent a letter to BAC requesting that it follow the *Order*. A copy of the letter is attached hereto as **Exhibit "A"** and incorporated herein by reference.

6.　　The Debtor has tendered the following payments to BAC for the Subject Property which BAC has cashed:

| Date | Payment Amount |
|---|---:|
| 7/21/11 | $638.00 |
| 8/28/11 | $638.00 |
| 9/26/11 | $638.00 |
| 10/18/11 | $638.00 |
| 12/2/11 | $599.66 |
| 1/3/12 | $599.66 |
| 2/10/12 | $599.66 |
| 3/5/12 | $599.66 |
| 4/1/12 | $599.66 |
| 5/3/12 | $599.66 |
| 6/4/12 | $599.66 |

## RELIEF REQUESTED

7. BAC has wilfully violated the terms of the *Confirmation Order*.

8. The Debtor requests that this Court hold BAC in contempt for failure to comply with the terms of the *Confirmation Order*.

9. The Debtor believes that punitive damages of not less than $2,000.00 are warranted for the violations described above.

10. In addition the Debtor anticipates incurring approximately $600.00 in attorneys' fees as a result of BAC's wilful violation of the Court's *Order*.

11. The Debtor estimates that a Hearing on this matter will require approximately fifteen (15) minutes.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court enter an Order to Show Cause as to why the BAC Home Loan Servicing, LP should not be sanctioned for being held in contempt for wilful violations of this Court's Order *Amended Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization*; award attorneys' fees and costs; and for such other and further relief as this Court shall deem appropriate.

**I HEREBY CERTIFY** that on this 6th day of July 2012, a true and correct copy of the foregoing was sent by ■ CM/ECF Electronic Mail to:

Lisa M Castellano   lcastellano@becker-poliakoff.com, sherd@becker-poliakoff.com

      Richard M Dauval    data@leavenlaw.com, rdauval@leavenlaw.com;
          rsingleton@leavenlaw.com; lrushing@leavenlaw.com;
          dhenderson@leavenlaw.com; leavenlaw@gmail.com
      Brian T FitzGerald    fitzgeraldb@hillsboroughcounty.org, litigation@hillstax.org;
          connorsa@hillsboroughcounty.org; lascolap@hillsboroughcounty.org
      William E Grantmyre    wgrantmyrejr@vanlawfl.com
      Teresa M Hair    midbkmail@defaultlawfl.com
      Nicole Peair    Nicole.W.Peair@USdoj.gov
      Tennille M Shipwash    Tennille.Shipwash@gmlaw.com, Bankruptcy@gmlaw.com
      United States Trustee - TPA    USTPRegion21.TP.ECF@USDOJ.GOV
      J. Anthony Van Ness    tvanness@vanlawfl.com, bankruptcy@vanlawfl.com
      J Steven Wilkes    steven.wilkes@usdoj.gov
      Melissa A Youngman    may@mccallaraymer.com, lbv@mccallaraymer.com;
          bkmail@prommis.com

and by ■ Certified U.S. Mail to:

      BAC Home Loans Servicing, LP, et al, c/o Prober & Raphael, fka Countrywide Home Loans Servicing, LP, 20750 Ventura Blvd, #100, Woodland Hills, CA 91367;

      BAC Home Loan Servicing, LP, Bankruptcy Department, Mail Stop: TX2-982-03-03, 7105 Corporate Drive, Plano, Texas 75024;

      BAC Home Loans Servicing, LP, Bankruptcy Department: CA6-919-01-23, Mail Stop: CA6-919-01-23, 400, 400 National Way, Simi Valley, CA 93065;

      BAC Home Loans Servicing, LP, 6400 Legacy Drive, Plano TX 75024;

      BAC Home Loans Servicing, LP, 20930 Russell Ranch Road, Mail Stop: CA6-916-01-12, Westlake Village, CA 91362;

      BAC GP, LLC, 4500 Park Granada, Calabasas, CA 91302;

and by ■ Regular U.S. Mail to:

      Astrid Guardado, Becker & Poliakoff, PA, 311 Park Place, Suite 250, Clearwater, FL 33759;

      Suntrust Mortgage, c/o Ben-Ezra & Katz PA, 2901 Stirling Road Suite 300, Fort Lauderdale, Fl 33312; and

Thomas John May, 322 S. Plant Avenue, Tampa, Florida 33606

        Respectfully submitted,

        BUDDY D. FORD, P.A.,

        Buddy D. Ford, Esquire (FBN: 0654711)
        Email: *Buddy@tampaesq.com*
        115 North MacDill Avenue
        Tampa, Florida  33609-1521
        Telephone #: (813) 877-4669
        Facsimile #: (813) 877-5543
        Office Email: *Nancy@tampaesq.com*
        Attorney for Debtor

## VERIFICATION

**STATE OF FLORIDA**
**COUNTY OF HILLSBOROUGH**

BEFORE ME, the undersigned authority, personally appeared THOMAS JOHN MAY, after being duly sworn stated as follows:

The facts and circumstances asserted in the foregoing **Motion for Order to Show Cause**, are true and correct and I have executed this verification to attest to the truth of the assertions made.

DATED on this 24 day of May, 2011.

_____
THOMAS JOHN MAY

SWORN to and SUBSCRIBED before me, this 24 day of May, 2011, by THOMAS JOHN MAY who ☒ is personally known to me or ☐ produced _____ as Identification and who did take an oath.

[SEAL]

NOTARY PUBLIC: _____
State of Florida at Large

MARTA VEGA
MY COMMISSION # EE187191
EXPIRES May 08, 2016
(407) 398-0153   FloridaNotaryService.com



LAW OFFICES

# Buddy D. Ford, P.A.

*"Representation with Dignity"* since 1987

| | | |
|---|---|---|
| Barbara C. Leon, Esq.<br>Barbara@tampaesq.com<br><br>Jonathan A. Semach, Esq.<br>Jonathan@tampaesq.com<br><br>Eric D. Jacobs, Esq.<br>Eric@tampaesq.com | Buddy D. Ford, Esquire<br>BOARD CERTIFIED, BUSINESS BANKRUPTCY<br>CIVIL LITIGATION<br>BUSINESS LAW / DEBTOR AND<br>CREDITOR RIGHTS<br>CHAPTER 7 TRUSTEE 1987-97<br>Buddy@tampaesq.com | Bankruptcy<br>Chapter 11, 13, 7, 12<br><br>Reorganizations<br><br>Business and Personal |

November 23, 2011

BAC Home Loan Servicing, LP
Bankruptcy Department
Mail Stop: TX2-982-03-03
7105 Corporate Drive
Plano, Texas 75024

    **Re:    Thomas John May; Chapter 11 Bankruptcy Case No.: 8:10-bk-27691-MGW**

Dear Sir/Madam:

    Please be advised that I represent Thomas John May in a Chapter 11 Bankruptcy proceeding. The case was filed on November 17, 2010, in the U.S. Bankruptcy Court for the Middle District of Florida, Tampa Division, and assigned the above referenced case number. BAC Home Loan filed a proof of claim (**Claim #12**) in the amount of $100,068.65 in Mr. May's bankruptcy. This claim arose from a note Mr. May executed in favor of BAC Home Loan which was secured by real property located at 4516 S. Clark Avenue, Tampa, Florida 33611.

    On June 23, 2011, the Honorable Michael G. Williamson, U.S. Bankruptcy Judge entered an order confirming Mr. May's plan of reorganization. I've enclosed a copy of the *Order Approving Disclosure Statement and Confirming Debtor's Plan of Reorganization* for your convenience. Pursuant to the *Order*, BAC Home Loan's claim would be amortized for twenty-five years at 5.25% interest. This amounts to a monthly payment of $599.66. Since the *Order* was entered, Mr. May has tendered to BAC Home Loan four payments of $638.00. BAC Home Loan however has refused to recognize the court ordered payment and has continued to bill Mr. May an incorrect amount.

    Please adjust BAC Home Loan's computer system to reflect the correct payment amount. Should BAC Home Loan fail to correct Mr. May's account within ten days from the date of this letter, I will be forced to file a motion with the court requesting that BAC Home Loan be held in contempt for failure to follow a court order. If you have any further questions, please feel free to contact me.

115 NORTH MACDILL AVENUE
TAMPA, FLORIDA 33609-1521

TELEPHONE (813) 877-4669
FACSIMILE (813) 877-5543

WWW.TAMPAESQ.COM



Please govern yourself accordingly.

Respectfully yours,

Jonathan A. Semach, Esquire

Enclosures

cc:  BAC Home Loans Servicing, LP, Bankruptcy Department: CA6-919-01-23, Mail Stop: CA6-919-01-23, 400 National Way, Simi Valley, CA 93065;
Tom May.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
*Tampa Division*

IN RE:                                Chapter 11

THOMAS JOHN MAY,                      Case No: 8:10-bk-27691-MGW

    Debtor(s).
_____/

### ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

**THIS CASE** came on for a duly scheduled confirmation hearing on March 30, 2011, with notice to all parties of interest for the purpose of considering final approval of the Debtor's Disclosure Statement **[Docket #50]** and confirmation of the Debtor's Chapter 11 Plan of Reorganization **[Docket #51]**. The Court having considered the record, finds that an Order was entered conditionally approving the Disclosure Statement and setting hearing on final approval of the Disclosure Statement and confirmation of the Plan of Reorganization (the "Plan"); that a copy of the Disclosure Statement and Plan, together with the Ballots, either accepting or rejecting the Plan, were sent to all creditors and each class whose rights were impaired by said Plan were given an opportunity to cast their ballots and vote for the Plan by filing a written acceptance or rejection of the Chapter 11 Plan; and that after the date fixed by the Court to accept or reject the Plan had expired, the votes were counted and the requisite majority of creditors voting in each class, as well as at least two-thirds (2/3) in an amount of all claims in each class that actually voted, chose to accept the Plan.

The Court finds that each impaired class that voted had accepted the Plan in writing and determines that the Plan is feasible and was filed in good faith and not by any means forbidden by law, and further that confirmation is in the best interest of creditors and meets all of the requirements as provided in Sections 1123 and 1129(a) of the Bankruptcy Code and that therefore the Plan should be confirmed. Therefore, it is

**ORDERED, ADJUDGED and DECREED:**

1. That the Debtor's Disclosure Statement, be and the same is hereby finally approved and the Debtor's Plan of Reorganization, be and the same is hereby confirmed, pursuant to Section 1129 of the Bankruptcy Code.

2. That on February 15, 2011, the Court entered an order **[Docket #58]** (the "Disclosure Statement Order") that, among other things, conditionally approved the Disclosure Statement as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017. The Disclosure Statement is finally approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3. The various classes of creditors and their respective treatment are as follows:

| Class | Type | Treatment |
|---|---|---|
| I | Secured – Hillsborough County Tax Collector | To the extent any tax certificate holders claims are not duplicative of the debt owed to the tax collector, claimants in this Class shall be paid as follows:<br><br>(a) Any claims for the real property surrendered shall run with the land and will not constitute a personal liability to the Debtors inasmuch as the property shall be surrendered; and<br><br>(b) Any claim for the retained property shall be paid in full, plus statutory interest, at the rate in effect at the time of confirmation in sixty (60) equal monthly installments commencing 30 days from the entry of the confirmation order.<br><br>These claimant(s) will retain their lien securing their claim, post-confirmation to the same extent, validity and priority as existed pre-petition. There is no pre-payment penalty for early payment. |

| II | Secured – Third Federal/First Mortgage/Homestead | This creditor holds both a first and second mortgage on this property. These two (2) loans will be combined. The Modified Note will bear interest at 5% interest per annum and will be amortized for 25 years. The estimated payment of principal and interest will be approximately $1,450.00 per month commencing 30 days from the entry of the Confirmation Order. This creditor shall retain its lien to the same extent, validity and priority post-confirmation as existed pre-petition. Pre-petition and post-petition arrearages, if any, will be paid in 36 equal monthly payments commencing 60 days from the entry of the confirmation Order. |
|---|---|---|
| III | Secured – Third Federal/Second Mortgage/Homestead | This creditor holds both a first and second mortgage on this property. These two (2) loans will be combined. The Modified Note will bear interest at 5% interest per annum and will be amortized for 25 years. The estimated payment of principal and interest will be approximately $1,450.00 per month commencing 30 days from the entry of the Confirmation Order. This creditor shall retain its lien to the same extent, validity and priority post-confirmation as existed pre-petition. Pre-petition and post-petition arrearages, if any, will be paid in thirty-six (36) equal monthly payments commencing 60 days from the entry of the confirmation Order. |
| IV | Secured – BAC Home Loans Servicing – 777 North Ashley Drive, #302 | The value of the property is $154,000.00. The Debtor has filed his Motion to Determine Secured Status of Claim. The secured amount allowed shall be amortized over 25 years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly payment reflecting the valued amount until the total allowed secured claim is paid in full. Payments shall commence 30 days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral.<br><br>The balance of the Claim in the amount of $105,931.19 is unsecured and will be treated under *Class XIII*. |

| | | |
|---|---|---|
| V | Secured – BAC Home Servicing – 4516 South Clark Avenue | The claim will be amortized for 25 years at 5.25% with an estimated payment of $600.00 per month commencing 60 days from the entry of the Confirmation Order. Any pre-petition and post-petition arrears will be amortized into the loan. This creditor shall retain its lien to the same extent, validity, and priority as existed pre-petition. |
| VI | Secured – BAC Home Servicing – 4433 West Fairview Heights | The claim will be amortized for 25 years at 5.25% with an estimated payment of $329.00 per month commencing 60 days from the entry of the Confirmation Order. Any pre-petition and post-petition arrears will be amortized into the loan. This creditor shall retain its lien to the same extent, validity, and priority as existed pre-petition. |
| VII | Secured – EMC Mortgage/US Bank – 1515 Pinellas Bayway South | The Debtor has filed his Motion to Determine Secured Status of Claim. The secured claim is $127,500.00. The secured amount allowed shall be amortized over 30 years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly payment reflecting the valued amount until the total allowed secured claim is paid in full. Payments shall commence 30 days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral.<br><br>The balance of the claim in the amount of $157,465.00 is unsecured and will be treated under *Class XIII*. |
| VIII | Secured – Wander Residence of Tierra Verde Condominium – 1515 Pinellas Bayway South | This claim shall be paid in full in 24 equal monthly installments commencing 60 days from the entry of the Confirmation Order. |

| IX | Secured - EMC Mortgage/US Bank - 1516 West River Lane | The Debtor has filed his Motion to Determine Secured Status of Claim. The secured amount of $115,000.00 shall be amortized over 25 years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly payment reflecting the valued amount until the total allowed secured claim is paid in full. Said payments shall commence 30 days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral. All pre-petition and post-petition arrears will be amortized in the loan.<br><br>The balance of the claim in the amount of $64,539.00 is unsecured and will be treated under *Class XIII*. |
| --- | --- | --- |
| X | Secured - Third Federal- 275 Bayshore Blvd, #604 | The Debtor has or will file his Motion to Determine Secured Status of Claim. The secured amount allowed shall be amortized over 25 years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly payment reflecting the valued amount until the total allowed secured claim is paid in full. Said payments shall commence 30 days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral. All pre-petition and post-petition arrears will be amortized in the loan.<br><br>In the event there is a deficiency claim allowed, this portion of the Creditor's claim shall be considered unsecured and will be treated under *Class XIII*. |
| XI | Secured - Suntrust Mortgage - 114 W Genessee Street | The Debtor has filed his Motion to Determine Secured Status of Claim. The secured amount is $65,000.00 and shall be amortized over 25 years at 5.25% interest per annum and the Debtor will pay to this creditor a monthly payment reflecting the valued amount until the total allowed secured claim is paid in full. Said payments shall commence 30 days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral. All pre-petition and post-petition arrears will be amortized in the loan.<br><br>The balance of the Claim is unsecured and will be treated under *Class XIII*. |

| XII | Secured - Wells Fargo - 317 West Lambright Street | The claim will be amortized for 25 years at 5.25% with an estimated payment of $245.00 per month commencing 60 days from the entry of the Confirmation Order. Any pre-petition and post-petition arrears will be amortized into the loan. This creditor shall retain its lien to the same extent, validity, and priority as existed pre-petition. |
|---|---|---|
| XIII | Unsecured | The Debtor will fund One hundred thousand dollars ($100,000) to the Plan pool. Creditors in this class shall receive a pro rata distribution of their allowed claim without interest in twenty(20) quarterly distributions commencing 30 days from the entry of the confirmation order of $5,000.00 per quarter.<br><br>The source of the funds for payment of this class shall be the revenue derived from the continued operation of the Debtors' rental business. |

4. That a status conference is scheduled for ___July 20___, **2011 at** ___9:30___ **a.m.**, in Courtroom "8-A", at the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida 33602, before the Honorable, Michael G. Williamson, United States Bankruptcy Judge.

5. That the Plan satisfies all of the requirements of Section 1129(a) of the Bankruptcy Code, other than the requirement of the acceptance of the Plan by each class of impaired claims as required under Section 1129(a)(8). The Court specifically finds that the Plan: (a) was proposed in good faith as required under Section 1129(a)(3); (b) is in the best interest of creditors as required under Section 1129(a)(7); (c) is feasible as required under Section 1 129(a)(11); and (d) satisfies the requirements for confirmation of Section 1129(a)(15).

6. That the Plan satisfies the requirements of Section 1129(b) of the Bankruptcy Code in that the Plan does not discriminate unfairly and is fair and equitable with respect to any impaired class that has not accepted the Plan.

7. That all oral findings of fact and conclusions of law entered by the Court at the Confirmation Hearing are incorporated herein by reference in accordance with Bankruptcy Rule 7052(a).

8. That any Modifications and Clarifications to the Amended Plan described and set forth in this Confirmation Order constitute technical changes and/or changes that improve the treatment of the holders of such claims, or do not affect a material adverse change in the treatment of any claims. Accordingly, pursuant to Bankruptcy Rule 3019, such Modifications and Clarifications do not require additional disclosure under Section 1125 of the Bankruptcy Code, nor re-solicitation of votes under Section 1126 of the Bankruptcy Code, nor do they require that holders of Claims be afforded an opportunity to change previously cast Ballots with respect to the Plan.

9. That all causes of action and objections to claims not specifically resolved or released through separate order of this Court are to be retained by the Debtor or the Plan Trust as the case may be, and preserved to the full extent provided in the Plan. Confirmation of the Plan and the entry of this Confirmation Order shall not be *res judicata,* collateral estoppel, or otherwise preclude the pursuit, litigation, prosecution or settlement of any claim, defense, objection, or cause of action available to the Debtor, the Reorganized Debtor or the Plan Trustee. The Reorganized Debtor or the Plan Trustee, as the case may be, shall have all rights and standing pursuant to Section 1123(b)(3) of the Bankruptcy Code to prosecute and enforce any such cause of actions, claim, or objection retained by the Reorganized Debtor(s) or conveyed to the Plan Trust.

10. That pursuant to Section 1146(a) of the Bankruptcy Code, any transfers from the Debtor(s) to any person or entity pursuant to this Plan, including conveyances to the Plan

Trust, or in connection with any sale of assets or property done in contemplation of the Plan, subsequent to the Effective Date, including the transfers of the property contemplated by the Plan, shall not be subject to any stamp tax or similar tax.

11. That Debtor's counsel shall file a final application for compensation for services rendered to the Debtor(s) and reimbursement of expenses incurred through and including the Confirmation Date under Section 503(b)(2) of the Bankruptcy Code within thirty (30) days after the entry of this Confirmation Order, and if granted such an award by the Bankruptcy Court, such award shall be paid in full in such amounts as are allowed as provided under the Plan or upon such other terms as may be mutually agreed upon between the Debtor's counsel and the Reorganized Debtors.

12. That notwithstanding the discharge provisions under 11 U.S.C. Section 1141, any post-petition tax liability will not be discharged and the confirmation is approved without prejudice for the Internal Revenue Service to assert an administrative claim for any post-petition taxes not paid. No discharge will occur until the completion of all payments under the Plan, absent further order of the Court. The Court may, however, at its discretion close the case upon Motion and hearing until the plan payments have been made and upon completion of the Plan payments reopen the case to enter a discharge.

13. That the Plan and its provisions, shall be binding upon the Debtor(s) and upon all creditors of the Debtor(s), whether or not they have individually accepted the Plan, have filed claims or are effected by the Plan, and whether the claims have been scheduled, allowed or are allowable.

14. That all approved administrative expenses including attorneys' fees, fees to the Clerk, United States Bankruptcy Court and United States Trustee shall be paid no later than the effective date of the Plan. Any

application for compensation that has not yet been filed shall be filed within thirty (30) days from the entry of this Order.

15. That the Debtors shall forthwith mail out a copy of this Order Approving the Disclosure Statement and Confirming Debtor's Plan of Reorganization, to all creditors and parties of interest not later than the time period specified in Local Rule 3020-1(b).

16. That this Court shall retain jurisdiction of the Debtor(s) as specified in the Plan for purposes of determining the allowance and amount of any claim filed as well as any objections thereto filed by the Debtor(s) and to determine the amount of administrative expenses including attorneys' fees and United States Trustee fees and to enforce payment of the administrative expenses.

**DONE and ORDERED** in Chambers at Tampa, Florida on June 23, 2011

*/s/ M.G. Williamson*

**Michael G. Williamson**
United States Bankruptcy Judge

Copies furnished to:

All parties listed on CM/ECF Electronic Mailing List

Internal Revenue Service, Attn: Special Procedures, 400 W. Bay Street, Suite 35045, Stop 5720, Jacksonville, FL 32202

Securities and Exchange Commission, Branch of Reorganization, 3475 Lenox Rd, NE, Ste. 1000, Atlanta, GA 30326-1232

BAC Home Loans Servicing, LP, et al, c/o Prober & Raphael, fka Countrywide Home Loans Servicing, LP, 20750 Ventura Blvd, #100 Woodland Hills, CA 91367

Astric Guardado Becker & Poliakoff, PA, 311 Park Place, Suite 250, Clearwater, FL 33759

Thomas John May, 322 S. Plant Avenue, Tampa, FL 33606

Twenty (20) Largest Unsecured Creditors